[Civ. No. 8579. Second Appellate District, Division One.—May 22, 1935.]

FEDERAL MUTUAL LIABILITY INSURANCE COMPANY (a Corporation), Plaintiff; MILDRED JONES WINCHESTER, Intervener and Appellant, v. O. C. DAILY et al., Respondents.

John J. Craig for Appellant.

Joe Crider, Jr., and Elber H. Tilson for Respondents.

CONREY, P. J.—This action was brought to recover damages for the wrongful death of one John Winchester, alleged to have been caused by the negligence of defendant Hayter in his operation and management of a Kimball truck. The accident was brought on by a collision between the Kimball truck and a Ford truck in which Winchester was riding as guest of William F. Lyman, driver of the Ford truck.

According to the bill of exceptions, the case was submitted to the trial court on the evidence, "and none other", contained in the testimony of the defendant Hayter, called as witness for the plaintiff. The court found that the defendants were not negligent; also that the sole and proximate

cause of the injuries and death of Winchester was the negligent operation of the Ford truck by Lyman, whereby the Ford truck collided with the left side of the Kimball truck. Judgment was entered in favor of the defendants. The intervener appeals.

We may assume, in accordance with the contention of appellant, that the negligence of Lyman may not be imputed to his guest, Winchester, under the facts of this case. The judgment, therefore, rests wholly upon the finding that the collision was not caused by any negligence of the defendants.

On this issue, appellant in her bill of exceptions specifies that the evidence is "insufficient to justify the judgment", in that the evidence "establishes beyond a question negligence on the part of the defendants, which negligence directly and proximately caused the death of John Winchester".

A reading of the brief testimony of the witness Hayter, which is the entire evidence produced at the trial, very clearly reveals the situation in which the drivers of these two trucks found themselves at and immediately preceding the moment of collision. The court was justified in deciding, as apparently it did decide, that the defendants' truck after it came into the intersection was traveling at a speed of not more than twelve miles per hour, and that the defendant driver used reasonable diligence to slow down the motion of his truck when he found that the Ford truck, which was "on its wrong side of the street", was approaching rapidly.

The judgment is affirmed.

Houser, J., and York, J., concurred.